46073.  SUMMERLIN et al. v.
S & K OF STATESBORO, INC.

HALL, Presiding Judge. In a suit to rescind an agreement for the sale of real property and for damages resulting from an alleged fraudulent misrepresentation, defendant-salesman appeals from the denial of his motion for summary judgment and a real estate corporation appeals from the denial of its motion to intervene. Both orders were certified for immediate review.

1. The trial court did not err in denying defendant's motion for summary judgment. There are not only material issues of fact, but neither principle of law which defendant contends would entitle him to judgment has any application under those facts which are undisputed.

2. In this action, defendant-salesman brought a counterclaim for unpaid real estate commissions which, upon plaintiff's unopposed motion for summary judgment, was stricken on the ground that defendant failed to show he was a licensed real estate broker. Later a corporation bearing his name (and of which he is the president and sole stockholder) brought a motion to intervene as a defendant pursuant to *Code Ann.* § 81A-124, claiming a vested interest in the subject matter of the litigation which cannot be adequately represented by the original parties. Needless to say, the corporation alleges operation under the license of a broker and has presented a counterclaim for commissions.

Leaving aside the question of adequate representation, the record shows that defendant was not a broker at the time of the transaction in question and that he purported to act as an individual and not as a representative of a corporation. His company was therefore no more than an undisclosed principal against which plaintiff may set up any defense he has against the agent. *Code* § 4-313. The company is now bound by the uncontested and unappealed adjudication that defendant has no right of action for commissions. The trial court did not err in denying the motion to intervene.

> *Judgment affirmed. Eberhardt and Whitman, JJ., concur.*
> ARGUED MARCH 8, 1971—DECIDED JUNE 8, 1971.

*Neville & Neville, Wm. J. Neville, G. Leonard Liggin,* for appellants.

*Jack Paller,* for appellee.